# HABEAS CORPUS PETITION

FILED AUG 29 2008 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA OAKLAND

AUG 29 PM 2:51 RICHARD W. WIEKING CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

TO: The Federal Court of the U.S.
FROM: Daniel Cari Frederickson
Re: People vs. Daniel Cari Frederickson #S067392
       Death Penalty Appeal

C08-04165 CW

On January 9th 1998 I was illegally convicted based upon a confession obtained in violation of my 5th and 6th amendment rights of the U.S Constitution and in opposition to established Federal Court precedents. (see attach. #1)

The jurisdiction for my relief was the California Supreme Court but it is now obvious that the California Supreme Court is contributing to my illegal detention/confinement by it's determined effort to violate my 6th amendment right to a speedy and public trial (which covers the entire review process including appeals). (see attach. #2)

In corresponding with the California Supreme Court it became apparent that they are under a misapprehension of capital defendants rights and their own authority, I counter their beliefs with the attached brief dated August 20, 2007.

#2

ON JANUARY 8TH 2008 I SENT A REQUEST TO THE CALIFORNIA SUPREME COURT TO WAIVE IT'S JURISDICTION TO ALLOW ME TO PROCEED TO FILE A FEDERAL HABEAUS CLAIM WHICH WAS RECEIVED BY THIER CLERK ON 01/08/08 AND BY THIER FAILURE TO RESPOND BY NOW (AUGUST 18, 2008) PROVES THIER INTENTIONAL PRACTICE TO DELAY JUSTICE IN MY CASE.

I PRAY THIS COURT GRANT RELIEF OR IN THE ALTERNATIVE APPOINT COUNSEL AND ISSUE AN ORDER TO SHOW CAUSE TO THE CALIFORNIA SUPREME COURT.

Respectfully
*Daniel C. Frederickson* (signature)
DANIEL CARL FREDERICKSON

SIGNED THIS 18TH DAY OF AUGUST 2008 AT SAN QUENTIN CALIFORNIA.

//

//

//

//

ATTACHMENT #1

|  |  |
|---|---|
|  | DA FILE NO. __96F00266__ |
| DEFN 1: | __FREDERICKSON, Daniel Carl__  DOB: __2-5-63__ |
| Alias: | __DANIEL PEREZ__ |
| CHARGES: | __187(a), 12022.5, 190.2(a)(17)(i) P.C.__ |
| RECORD: | __211, 245(a) x 2 (felonies) miscellaneous misd.__ |

__drug cases__

FACTS:

On June 13, 1996, approximately 11:35 a.m., the defendant enters the Home Base Store on 17th Street in Santa Ana. After walking around for a while, he was able to identify one of the managers (victim). As the victim was walking to the store safe, the defendant pulled out his .32 revolver and demanded money from the victim. The victim got some money out of the safe but apparently resisted giving the money to the defendant. The defendant then fired one shot into victim's head. There were several witnesses who saw various stages of this incident. There are 2-3 tentative I.D.'s of the defendant at either the live lineup or photo lineup.

A security guard chased the defendant and got a vehicle description and license plate number. An informant tipped the police to the identity of the defendant. Santa Ana Police Department went to the defendant's address and found the vehicle described by the security guard and the license plate number was very close to what the guard gave the police. A revolver was found under a pillow.

Bed →

Defendant waived Miranda and tearfully confessed to the murder and attempted robbery. A Miranda issue will arise because after waiving and before the confession, the defendant asked, "when am I going to get a chance to call my lawyer? It's getting late and he's probably going to be pretty soon." The Santa Ana Police Department investigator did not clarify the question/statement and continued with the interview.

A day later, the defendant confessed to a Register Reporter. His confession was printed. Then, approximately 45 days later, defendant initiates contact with the Santa Ana Police Department and makes a third confession. In this last confession, he was being represented by the Public Defender and waived same.

96-27014

| | | | |
|---|---|---|---|
| FILING AGENCY: | __Santa Ana P.D.__ | OFFICER: | __Det. Mark Steen__ |
| VICTIM(s): | __Wilson, Scott__ | DOV: | __6-13-96__ |
| FILING DDA: | __Jim Tanizaki__ | DATE FILED: | __6-17-96__ |
| DDA ASSN: | __Jim Tanizaki__ | INV. ASSN: | __Paul Sanchez__ |

Daniel Carl Frederickson
P.O. Box K81800
San Quentin, CA 94974

ATTACHMENT #2

RECEIVED
JAN - 8 2008
CLERK SUPREME COURT

Supreme Court of
The State of California

Case # S067392
Request for the State to waive it's jurisdiction to allow defendant to proceed to file federal habeas claim.

By your willfull and purposefull actions you, by your conduct, are preventing me from a reasonable and timely adjudication.

I have advised you that I desired no time extensions and I granted no waiver yet my counsel against my written consent has requested over 22 extensions and you routinely grant them. I

Daniel Frederickson
Box K81800
San Quentin, CA 94974

I have valid U.S constitutional claims that I wish to present to the Federal Court but you are obstructing my due process. You are constructively preventing me from having my claims heard.

I don't know why you are acting in this manner but I fear you are prejudiced and or biased against my appeal ever being heard.

I therefore claim you have forfeited your right to further judge me and I ask you to waive me on to proceed to Federal Court.

Submitted this 2nd day of January 2008.

*[signature]*

Daniel Carl Frederickson
Calif. State Prison
San Quentin, CA 94974

Case 4:08-cv-04168-CW   Document 1   Filed 09/03/2008   Page 6 of 10

I contend that a judgment of death merely triggers an appeal and thereby a stay of execution per C.P.C §1243.

Cal. Penal Code § 1239(b) states; "When upon any plea a judgment of death is rendered, an appeal is automatically taken by the defendant without any action by him or his counsel."

§1239 was enacted in 1872 but subdivision (b) was added by amendment in 1935 due to a specific incident:

> In 1935 a condemned man, Rush Griffen, was executed before his appeal was heard. Griffen's attorney had filed notice in the Superior court, and that court did send a letter to the warden of San Quentin mentioning the appeal, but the Supreme Court had not yet received the clerk's transcripts and so had not, as was custom, stayed the execution. (Special Com. to investigate the execution of Rush Griffen, Rep. (May 28, 1935) Sen. J. (1935 Reg. Sess.) p. 2427).

1.

The statute does not require a completed process of appeal, nor does the wording bar the defendant's ability to abandon or dismiss. The statute simply, "automatically", protects a condemned man from a similar fate of Rush Griffen.

The perspicuity of cause and effect makes any contrary construction or understanding seem absurd (at the least).

In 1945 §1239 was re-written and re-numbered for clarity but not changed in any way that would indicate the legislature's shift of intent.

In 1968 a sentence was added to the end of subdivision (b) relating to appointment of counsel for indigent defendants.

In 1975 that 1968 amendment was deleted for being redundant.

With this in mind the court in People v. Stanworth (1969) 71 Cal.2d 820, 80 Cal.Rptr. 49 ruled that §1239(b) bestowed upon them a "duty" to review the conviction which is absurdly confusing because the clear intent and purpose of §1239(b) was, in all actuality, to merely trigger §1243, the stay of execution pending termination of the appeal.

In Stanworth the court states;
> "This statute 'imposes a duty upon this court to make an examination of the complete record of the proceedings had in the trial court...'"

2.

The above cannot be deduced from any reading of §1239(b). Is it possible the court could not see the legislature's intent to protect the condemned from any premature executions by amending §1239 so that it triggers §1243.

The whole purpose was to obtain a stay of execution not a review of "...the complete record...", and a stay is by it's very nature temporary and transient.

So it is very clear that the court erred in it's rendering of Stanworth and all subsequent references to Stanworth should be moot and void, except that the absurdity grows.

In Massie v. Sumner (1980) 624 F.2d 72 the court refused to honor Massie's request not to appoint counsel to pursue the automatic appeal and to dismiss it

In People v. Massie (1998) 79 Cal. Rptr. 2d 816 the court refuses to take another look. Instead the court states:

> "If, as defendant contends, the legislatures intent was to permit a condemned prisoner to waive an appeal to a death judgment, it could easily have said so."

How presumptuous of them, and how could the legislature know the court would not understand the laws purpose. So the court assumes a duty not implied and then says if the legislature didn't want the court to do that it "could easily have said so"?

3.

Daniel Carl Frederickson
K81800

The statute (§1239(b)) was only to prevent the early execution of an appealing prisoner, not to assign any duty on the court to fully review the record nor to assign any further burden upon a condemned prisoner. Also those arguments by the court fail because any vagueness in law must be viewed in the light most favorable to the defendant.

The absurdity continues. In People v. Ledesma (1997) 16 Cal. 4th 90, 100-101 the court has the temerity to state that;

> "When a statute has been construed by the courts, and the legislature thereafter re-enacts that statute without changing the interpretation put on that statute by the courts, the legislature is presumed aware of and acquiesced in, the court's construction."

Firstly it should read "When a statute has been mis-construed, and secondly it appears to be saying that by it's ignorance of any error the legislature thus approves of said error.

The "court's construction" of §1239(b) is stated as a duty that "we cannot avoid or abdicate merely because defendant desires to waive the right provided for him." People v. Stanworth, supra 71 Cal. 2d at p. 833.

4.

Daniel Carl Frederickson
K-81800

So clearly the court agrees that this is the defendant's right but then the court uses this right as an oppressive burden not unlike a court forcing a defendant to absolutely remain silent.

The absurdity continues. In Davis v. State Bar (1983) 33 Cal.3d 231, 238 the court argues:

> "A defendant sentenced to death is not free to decide whether or not to appeal, because the legislature has decreed that there be an automatic appeal in every case (§1239(b)) that cannot be waived."

So, now if the court mis-construes a statute, say §1239(b), and the legislature is ignorant of the court's interpretation, then later amends the statute in any way the court can claim a "legislative decree"?

Because of this comedy of errors men who desire to accept responsibility are forced to await their executions 20 or 30 years later.

In closing, the competency of a man sentenced to death cannot be questioned if the trier of fact has determined the defendant was in fact competent, unless the defendant objected to and appeals from that fact.

Otherwise a competent defendant has the right to terminate his appeals at any time, thereby requiring the Supreme Court to lift the stay and to affirm judgment.

Signed by *Daniel Carl Frederick* at San Quentin State prison on August 20th, 2007.

5.



